# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 17, 2008

136438

BRETTEN STONE ,
   Plaintiff-Appellee,

v

R.W. LAPINE, INC., and ACCIDENT FUND
INSURANCE COMPANY OF AMERICA,
   Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136438
COA: 275684
WCAC: 05-000242

On order of the Court, the application for leave to appeal the April 3, 2008 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REINSTATE the order of the Board of Magistrates. The Court of Appeals erred by approving the Workers' Compensation Appellate Commission's basis for modifying the magistrate's benefit award. The WCAC exceeded its authority by substituting its own favorable view of the testimony of the plaintiff's medical expert for the unfavorable assessment provided by the magistrate without providing a weighing of the proofs and an analysis as to why that expert's credibility should be evaluated in a contrary manner. The WCAC also erred by shifting the burden of proving work-related injury from the plaintiff, where it belonged pursuant to MCL 418.851, to the defendants, by presuming the plaintiff's entitlement to benefits upon the mere rejection of some of the magistrate's numerous reasons for ruling in a contrary manner. In addition, the Court of Appeals erred by holding that the average weekly wage must be calculated pursuant to MCL 418.371(3) in every instance where it can be determined using that subsection. The average weekly wage calculation provisions reveal "the Legislature's overriding desire to have the basis for compensation reflect an accurate measure of wages." *Rowell v Security Steel Processing Co,* 445 Mich 347, 356-357 (1994). In this case, the magistrate did not err in choosing to utilize MCL 418.371(6) to determine the plaintiff's average weekly wage.

KELLY, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 17, 2008

0910

Clerk